UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
East St. Louis Division

| | |
|---|---|
| CARMEN LEE HURSEY, ) | |
|     *Plaintiff*, ) | |
| ) | |
|     v. ) | Cause No.  3:17-cv-00096 |
| ) | |
| TRANSUNION CONSUMER SOLUTIONS, LLC., ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., ) | |
| BANK OF AMERICA and ) | |
| AMERICAN HONDA FINANCE, N.A., ) | |
|     *Defendants*. ) | |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1.  This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2.  The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff Carmen Lee Hursey (hereinafter "Hursey"), is a natural person who resides in Illinois.

4. Hursey is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant TransUnion Consumer Solutions, LLC. (hereinafter "TransUnion") is a credit bureau that conducts business in Illinois.

6. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau that conducts business in Illinois.

7. TransUnion and Experian regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

8. Defendant Bank of America (hereinafter "BoA") regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

9. Defendant American Honda Finance (hereinafter "Honda") regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

## JURISDICTION AND VENUE

10. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

11.     Venue is proper in this Court because a substantial part of the claim arose in Illinois, Hursey resides in Illinois and all Defendants "reside" in Illinois, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

12.     On November 23, 2009, Hursey filed a Chapter 13 Bankruptcy proceeding in the Southern District of Illinois, under Cause No. 09-33094.

13.     BoA was listed on Hursey's Schedule F, showing an unsecured claim in the amount of $28,465.00.  A copy of the aforementioned Schedule F is attached hereto as "Exhibit A."

14.     BoA did not file a Proof of Claim.

15.     Honda was listed on Hursey's Schedule D, showing a secured claim in the amount of $20,000.00. A copy of the aforementioned Schedule D is attached hereto as "Exhibit B."

16.     On February 3, 2010, Honda filed a Proof of Claim in the amount of $20,050.50.  A copy of the Proof of Claim is attached hereto as "Exhibit C."

17.     Hursey made all payments owed in her Chapter 13 bankruptcy and as a result, she received a discharge of her debts by Order of that Court, dated January 26, 2015. A copy of the Discharge is attached as "Exhibit D."

18.     Among the debts discharged was the debts previously owed by Hursey to BoA and any unsecured/unpaid previously owed to Honda.

INACCURATE INFORMATION REPORTED BY TRANSUNION (HONDA)

19.     Sometime in November of 2016, Hursey obtained a copy of her credit report as published by TransUnion.

20.     That report contained erroneous information as provided by Honda and published and reported by TransUnion. Specifically, the TransUnion credit report failed to indicate that

Hursey's former debt to Honda was "Discharged" yet erroneously indicated that a balloon payment of $15,838.00 was due on October 25, 2010 (during Hursey's bankruptcy proceedings).

21. Because Hursey's debt owed to Honda was paid and any unsecured portion was discharged in bankruptcy by Order of the Court on January 26, 2015, the information described above was inaccurate and misleading.

22. Further, the information described above was also inaccurate and misleading because it failed to comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and compliance with the FCRA.

23. Courts rely on such guidance to determine furnisher liability. *See e.g.* In re Helmes, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005)(finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation "discharged in bankruptcy" and with a zero-balance due.")

24. By information and belief, Honda adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

25. In a letter dated December 2, 2016, Hursey disputed the inaccurate and misleading information to TransUnion and advised TransUnion of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit E."

26. Upon information and belief, TransUnion timely notified Honda of Hursey's dispute in accordance with 15 U.S.C.A. § 1681i (West).

27. In a document dated December 27, 2016, TransUnion advised Hursey that it had researched Hursey's dispute and the status was being reported correctly. TransUnion provided a

copy of the tradeline as reported that reproduced the errors identified by Hursey in her original dispute letter. Specifically, the tradeline still failed to indicate that Hursey's debt owed to Honda was discharged in bankruptcy and still reflected a balloon payment of $15,838.00 due on October 25, 2010. A copy of the TransUnion reinvestigation report is attached as "Exhibit F."

28. Further, there is no indication in the tradeline of the "verified" report that Hursey disputed the information published by TransUnion.

29. TransUnion was required to communicate the specifics of Hursey's dispute to Honda. Likewise, Honda had a duty to investigate the dispute and accurately report their findings to TransUnion. By information and belief, Honda did not investigate the dispute or report any findings back to TransUnion because the tradeline itself reports the last time it was updated was on April 6, 2011.

30. TransUnion had an affirmative duty to reasonably reinvestigate the dispute submitted by Hursey and to accurately report the tradeline information notwithstanding the information it received from Honda.

INACCURATE INFORMATION REPORTED BY EXPERIAN

31. Sometime in November of 2016, Hursey obtained a copy of her credit report as published by Experian.

32. That report contained erroneous information as provided by BoA and published and reported by Experian. Specifically, the Experian credit report failed to indicate the debt was discharged in bankruptcy (let alone ever included in bankruptcy) and that the debt was scheduled to continue on record until Dec. of 2019 – more than (7) years from her Chapter 13 file date.

33. Because Hursey's debt owed to BoA, with a partial account number of 7497332950****, was discharged in bankruptcy, the information described above was inaccurate and misleading.

34. In a letter dated December 2, 2016, Hursey disputed the inaccurate and misleading information to Experian and advised Experian of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit G."

35. Upon information and belief, Experian timely notified BoA of Hursey's dispute in accordance with 15 U.S.C.A. § 1681i.

36. In a document dated November 6, 2016, Experian advised Hursey that it had researched Hursey's dispute and that debt owed to BoA, with a partial account number of 7497332950****, was updated. Experian provided a copy of the tradeline as reported that reproduced at least some of the errors identified by Hursey in her original dispute letter. Specifically, the tradeline indicates that Hursey's debt previously owed to BoA, under partial account number of 7497332950****, still made no mention that it had been discharged in bankruptcy and still reflected that the tradeline was set to appear beyond (7) years from Hursey's Chapter 13 filing date. A copy of the relevant portion of the reinvestigation report is attached as "Exhibit H."

37. Further, there is no indication in the tradeline of the "verified" report that Hursey disputed the information published by Experian.

38. Experian was required to communicate the specifics of Hursey's dispute to BoA. Likewise, BoA had a duty to investigate the dispute and accurately report their findings to Experian.

39. Experian had an affirmative duty to reasonably reinvestigate the dispute submitted by Hursey and to accurately report the tradeline information notwithstanding the information it

received from BoA. Likewise, Experian had an affirmative duty to report that Hursey disputed the tradeline/account at issue.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

40. TransUnion and Experian are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

41. TransUnion and Experian, independently and jointly, breached their duties as described above.

42. Due to Experian's failure to conduct reasonable reinvestigations of Hursey's dispute, the indication on Hursey's credit reports that Hursey's debt owed to BoA, under partial account number of 7497332950****, was past-due from March 2010 through January 2012, was charged off and with no mention that it had been discharged in bankruptcy, was not appropriately deleted or modified.

43. Due to TransUnion's failure to conduct reasonable reinvestigations of Hursey's dispute, the lack of any indication on Hursey's credit report that Hursey's debt owed to Honda, under partial account number of 9632****, had been discharged in bankruptcy, was not appropriately deleted or modified.

44. By inaccurately reporting debt information after receiving notice of its errors, BoA and Honda failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

45. As a result of Defendants' willful actions and omissions, Hursey is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

## TRIAL BY JURY

46. Hursey is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

47. Hursey incorporates by reference all preceding paragraphs as though fully stated herein.

48. TransUnion willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Hursey's consumer reports.

49. TransUnion willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Hursey's dispute and by failing to appropriately delete or modify inaccurate information in Hursey's file.

50. As a result of TransUnion's violation of 15 U.S.C.A. § 1681e(b), Hursey has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing the error, emotional distress, and the payment of increased costs of credit and insurance, and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

51. TransUnion's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

52. Hursey is entitled to recover costs and attorney's fees from TransUnion pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

53. Hursey incorporates by reference all proceeding paragraphs as if set forth herein.

54. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Hursey's consumer reports.

55. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Hursey's dispute and by failing to appropriately delete or modify inaccurate information in Hursey's file.

56. As a result of Experian's violations of 15 U.S.C.A. § 1681e(b), Hursey has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing the error, emotional distress, and the payment of increased costs of credit and insurance, and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

57. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

58. Hursey is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

59. Hursey incorporates by reference all preceding paragraphs as though fully stated herein.

60. BoA willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Hursey's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the

consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

61. As a result of BoA' violations of 15 U.S.C.A. § 1681s-2(b), Hursey has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing the error, emotional distress, and the payment of increased costs of credit and insurance, and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

62. BoA' actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

63. Hursey is entitled to recover costs and attorney's fees from BoA pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT IV: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

64. Hursey incorporates by reference all preceding paragraphs as though fully stated herein.

65. Honda willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Hursey's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

66. As a result of Honda's violations of 15 U.S.C.A. § 1681s-2(b), Hursey has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing

the error, emotional distress, and the payment of increased costs of credit and insurance, and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

67. Honda's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

68. Hursey is entitled to recover costs and attorney's fees from Honda pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Hursey respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Travis W. Cohron
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 203-3000
tcohron@bhclegal.com
*Counsel for the Plaintiff*